IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2016


**JOE BILLY RUSSELL, JR. v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Davidson County**
**No. 2002-I-1192    Mark J. Fishburn, Judge**

_____


**No. M2015-02101-CCA-R3-PC – Filed August 22, 2016**
_____


The petitioner, Joe Billy Russell, Jr., appeals the post-conviction court's denial of his petition for relief.  On appeal, the petitioner asserts that his petition is timely because it falls within one year of certain federal opinions which establish a constitutional right requiring retrospective application. After a thorough review of the record, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Joe Billy Russell, Jr., Butner, North Carolina, pro se.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; Glenn R. Funk, District Attorney General; and Janice Norman, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The facts in the appellate record before us are sparse.  The petition in this case, filed on September 10, 2015, lists three separate convictions that the petitioner wishes to challenge: they are a 2002 conviction for evading arrest in a motor vehicle with risk of death or injury to a third party (Case No. 2002-I-1192 and the conviction which is the

subject of the current appeal); a 2001 conviction for evading arrest (Case No. 2001-I-316); and a 1994 conviction for possession of a Schedule II controlled substance.

Although neither party references the matter in the briefs filed in this case, the conviction in Case No. 2001-I-316 is the subject of a separate appeal. *See Billy Joe Russell, Jr., AKA Joe Billy Russell, Jr., AKA Craig C. Scott v. State*, No. M2015-02318-CCA-R3-PC. Taking judicial notice of the record in that case, we note that Division I of the Criminal Court for Davidson County separately considered and dismissed the petition with respect to the conviction in Case No. 2001-I-316 for failure to file within the statutory limitations period.

The record contains a two-count indictment for the 2002 conviction for "Billy J. Russell, Jr.," which charged the petitioner with evading arrest in a motor vehicle and creating a risk of death or injury to third parties and with driving on a revoked license. On June 9, 2003, the petitioner pled guilty to these charges. He was not sentenced to additional prison time for the conviction for driving on a revoked license, and a third charge of reckless endangerment was dismissed. The petitioner received a five-year sentence for the evading arrest conviction, with one year to be served in confinement and the remaining four years to be served on Community Corrections. The Criminal Court for Davidson County, in its order dismissing the petition, found that the petitioner successfully completed the Community Corrections program and was removed from supervision in 2006.

While the petition alleges that the petitioner's 1994 sentence in case 94-B-1288 was drug related, he attached to the petition a judgment sheet which indicates that on September 9, 1994, "Joe B. Russell, Jr.," was convicted of possession of a short-barreled shotgun, for which he was sentenced to one year in the workhouse. The judgment form indicates that the conviction is to be concurrent with "Count 3 and sentence now serving." The petition contains a request to the clerk of the court to obtain the petitioner's "1995" drug conviction which was run concurrently with the 1994 weapons conviction.

The petition states that the petitioner had not filed any prior petitions, applications, or motions with respect to the judgments attacked in any state or federal court. However, it appears that his 1994 drug conviction was the subject of a prior post-conviction action. *See Joe Billy Russell, Jr. v. State*, No. M2012-00337-CCA-R3-PC, 2012 WL 3833077, at *1 (Tenn. Crim. App. Sept. 5, 2012). The appellate opinion notes that the drug convictions became final on June 20, 1994. *Id.* at *3.

The petitioner requests relief on two grounds. First, the petitioner asserts that his conviction for evading arrest in a motor vehicle and creating a risk of death or injury to

third parties is unconstitutional because the statute under which he was convicted is void for vagueness. The petitioner avers that the decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders the Tennessee statute unconstitutionally vague. The petitioner also challenges his evading arrest conviction, as well as the drug convictions, asserting that the sentences were imposed in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), and *Peugh v. United States*, 133 S. Ct. 2072 (2013).

The post-conviction court addressed only the conviction for felony evading arrest which was attached to the petition, noting that it would consider only "the judgment out of this Court." The post-conviction court found that the petition was time-barred and that *Johnson* did not "apply to the sentencing laws of this state," and it dismissed the petition summarily. The petitioner appeals.

## ANALYSIS

On appeal, the petitioner argues that *Johnson* requires retroactive application and renders Tennessee Code Annotated sections 39-13-102, the aggravated assault statute, and 39-16-603 (2010), the reckless endangerment statute, unconstitutionally vague. He also argues that his 1994 sentences were illegal under *Blakely*. We do not address the portion of his argument regarding aggravated assault under Tennessee Code Annotated section 39-13-102, as he does not challenge a conviction under that statute.

The petitioner argues that the evading arrest statute is unconstitutionally vague. He contends that the statutory language involving "risk of death or injury" to third parties violates due process. He also argues that the statute is unconstitutionally vague because the crime is graded as a misdemeanor or a felony based on the circumstances of commission.

The trial court dismissed the petition, partially because it found the petition untimely. A post-conviction petition must be brought within one year of the date the judgment becomes final if no appeal is taken or within one year of the final action on any appeal. T.C.A. § 40-30-102(a). Failure to file within the limitations period bars relief and removes the case from the court's jurisdiction. T.C.A. § 40-30-102(b). The petition in this case was filed over one year after the convictions became final.

There are, however, exceptions to the limitations period. A petition may be filed after the statutory period has run if:

> The claim in the petition is based upon a final ruling of an
> appellate court establishing a constitutional right that was not

3

recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial

T.C.A. § 40-30-102(b)(1).

The petitioner contends that his claims are not time-barred because they were brought within one year of the final appellate ruling in *Johnson*, which he contends established a new constitutional right requiring retroactive application. The State, not having the benefit of the Supreme Court's recent clarification of *Johnson*, asserts that the petitioner's claims are time-barred because *Johnson* should not be applied retroactively.

The petition was filed within one year of the United States Supreme Court's decision in *Johnson*. The United States Supreme Court has now clarified that *Johnson* is a substantive rule requiring retroactive application to cases on collateral review. *Welch v. United States*, No. 15-6418, 2016 WL 1551144, at *8 (U.S. Apr. 18, 2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.").

We conclude that, regardless of whether *Johnson* established a constitutional right not recognized at the time of the proceeding or whether retrospective application is required, the petitioner's arguments do not present a colorable claim for relief.

Post-conviction relief is available when a conviction or sentence is void or voidable due to the violation of a constitutional right. T.C.A. § 40-30-103. As a preliminary consideration, the trial court must examine the petition and "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief . . ., the petition shall be dismissed." T.C.A. § 40-30-106(f). Here, the petitioner is not entitled to relief under *Johnson*.

In *Johnson*, the United States Supreme Court concluded that the residual clause of the Armed Career Criminal Act, which imposes an increased prison term when a defendant has three violent felony convictions, was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The residual clause of the Act included any violent felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C.A. § 924(e)(2)(B)(ii). In doing so, the Court noted that prior jurisprudence regarding the residual clause required "a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that

4

abstraction presents a serious potential risk of physical injury." *Id.* at 2557 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)). The Court held that the unconstitutionality was the combination of two features of the statute. First, the clause created uncertainty regarding the risk posed by a crime because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* The court noted that it was "[c]ritical[]" that the risk analysis was not tied to the offender's actual behavior. *Id.* Second, the clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. Again, the Court distinguished applying a "'serious potential risk' standard to real-world facts," which it noted would be constitutionally permissible. *Id.* at 2558. The Court also rejected the idea that the decision would affect "dozens of federal and state criminal laws us[ing] terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,'" and it rejected the notion that the decision would place such laws "in constitutional doubt." *Id.* at 2561. The Court specifically noted that

> almost all of the cited laws require gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*. As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct; "the law is full of instances where a man's fate depends on his estimating rightly ... some matter of degree."

*Id.* at 2561 (emphasis in original) (quoting *Nash v. United States*, 229 U.S. 373, 377 (1913)). As the *Welch* decision, requiring retrospective application, described the holding, "[t]he residual clause failed not because it adopted a 'serious potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Welch*, 2016 WL 1551144, at *4.

The Tennessee statute at issue declares that evading arrest with a motor vehicle is a Class E felony "unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony." T.C.A. § 39-16-603(b)(3).[1] Nothing in *Johnson* would require finding such a statute void for vagueness, as it clearly "require[s] gauging the riskiness of conduct in which an individual defendant engages *on a particular occasion*." *Johnson*, 135 S. Ct. at 2561 (emphasis in original). Accordingly, the petition does not present a

---

[1] The Legislature has revised this section in a law taking effect on July 1, 2016, but it continues to tie punishment to an assessment of whether the conduct creates a risk of death or injury. 2016 Tenn. Pub. Acts Ch. 633.

colorable claim that the conviction is void under *Johnson*.  We conclude that the post-conviction court did not err in dismissing the petition.

Although the post-conviction court did not rule on the petition insofar as it related to the 1994 drug convictions, we note that the September 10, 2015 petition was not filed within one year of the cases the petitioner cites as grounds for relief, in particular *Blakely v. Washington*, 542 U.S. 296 (2004), *Peugh v. United States*, 133 S. Ct. 2072 (2013), or *Lovins v. Parker*, 712 F.3d 283 (6th Cir. 2013).  *See Peugh*, 133 S. Ct. at 2078  (holding that sentencing a defendant under sentencing scheme which provides higher punishment than that in effect when crime was committed violates the Ex Post Facto Clause); *Lovins v. Parker*, 712 F.3d 283, 297 (6th Cir. 2013) (holding that a petitioner whose conviction did not become final until nearly three years after *Blakely* was entitled to application of *Blakely*).  The only remaining case which the petitioner cites and which falls within one year of his petition is *Lovins v. Parker* (*Lovins II*), 604 Fed. App'x 489, 490 (6th Cir. 2015), which concerned whether a State's failure to timely comply with a writ of habeas corpus granted by a federal court barred reprosecution.  The petitioner does not assert that his convictions or sentences are void or voidable due to reprosecution, so *Lovins II* does not entitle him to relief.

We conclude that the dismissal was appropriate.

## CONCLUSION

Because the petitioner did not present a colorable claim for relief, the dismissal is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

6